UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WAYNE PARKER,

Plaintiff,

v. CASE NO. 8:14-cv-3074-T-24MAP

COMMISSIONER OF SOCIAL SECURITY,

Defendant.
_________________________________/

**REPORT AND RECOMMENDATION**

Pursuant to 42 U.S.C. § 405(g), Plaintiff seeks review of the Commissioner's decision denying his claim for Disability Insurance Benefits ("DIB"). He alleges the Commissioner erred by failing to properly assess his mental residual functional capacity, failing to obtain vocational expert testimony, failing to properly assess his subjective complaints and credibility, and failing to remand for further administrative review based on new evidence concerning his social functioning presented to the Appeals Council for the first time. After consideration, I recommend that the case be remanded for further administrative proceedings consistent with this report.

*A. Background*

Plaintiff, who was forty-five years old at the time of his alleged disability onset date of November 5, 2010, earned a business degree in college, started his own grocery store business where he worked from age 16 through his mid-30s, and then worked as a mortgage broker. He alleges disability due to back and neck injuries, chronic pain, depression, hypertension, headaches, sleeplessness, and lack of energy. Plaintiff's claims were denied initially and upon reconsideration.

Thereafter, Plaintiff requested a hearing before an ALJ, and the ALJ opined at step five that Plaintiff was not disabled and retained the residual functional capacity to perform sedentary work. Plaintiff filed a request for review, but the Appeals Council denied review. Thereafter, the Plaintiff exhausted his administrative remedies, and filed this action.[1]

*B. Standard of Review*

To be entitled to DIB, a claimant must be unable to engage "in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." *See* 42 U.S.C. § 423(d)(1)(A). A "'physical or mental impairment' is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." *See* 42 U.S.C. § 423(d)(3).

The Social Security Administration, in order to regularize the adjudicative process, promulgated detailed regulations that are currently in effect. These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920. If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary. 20 C.F.R. § 404.1520(a)(4). Under this process, the Commissioner must determine, in sequence, the following: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment(s) (*i.e.*, one that significantly limits her ability to perform work-related functions); (3) whether the severe impairment meets or equals the medical criteria of Appendix 1, 20 C.F.R. Part 404, Subpart P; (4) considering

---

[2] The district judge referred this matter to me for a report and recommendation. *See* 28 U.S.C. § 636.

the Commissioner's determination of claimant's RFC, whether the claimant can perform her past relevant work; and (5) if the claimant cannot perform the tasks required of her prior work, the ALJ must decide if the claimant can do other work in the national economy in view of her RFC, age, education, and work experience. 20 C.F.R. § 404.1520(a)(4). A claimant is entitled to benefits only if unable to perform other work. *See Bowen v. Yuckert,* 482 U.S. 137, 142 (1987); 20 C.F.R. § 404.1520(f), (g).

In reviewing the ALJ's findings, this Court must ask if substantial evidence supports those findings. *See* 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The ALJ's factual findings are conclusive if "substantial evidence consisting of relevant evidence as a reasonable person would accept as adequate to support a conclusion exists." *Keeton v. Dep't of Health and Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994) (citation and quotations omitted). The Court may not reweigh the evidence or substitute its own judgment for that of the ALJ even if it finds the evidence preponderates against the ALJ's decision. *See Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's "failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." *Keeton*, 21 F.3d at 1066 (citations omitted).

*C. Discussion*

Plaintiff maintains that the ALJ reversibly erred in assessing his mental residual functional capacity. I agree. Intertwined with this issue is whether the Appeals Council erred by failing to remand for consideration of evidence bearing on Plaintiff's social functioning (or lack thereof). I will discuss these related issues together.

At step four, the ALJ is tasked with assessing the claimant's residual functional capacity

(RFC), his ability to perform work despite his limitations caused by his impairments. 20 C.F.R. § 1545(a). In reaching this determination, the ALJ must consider all of the relevant medical and other evidence. 20 C.F.R. § 404.1520(e). Here, the ALJ concluded that the Plaintiff cerebral atrophy does not cause limitations, leading to the finding that Plaintiff is not disabled. However, as Plaintiff asserts, the ALJ's decision is internally inconsistent and fails to properly consider the weight assigned to the treating psychiatrist's opinions. And, when considering the medical evidence presented to the Appeals Council as this Court must, it becomes even clearer that remand is needed.

Plaintiff asserts that the Appeals Council ("AC") erred when it declined review of the ALJ's decision, finding that the new evidence – a letter dated May 29, 2013, from treating psychiatrist Henry Ehrlich– did not provide a basis for changing the ALJ's decision.

> If a claimant submits new noncumulative and material evidence to the AC after the ALJ's decision, the AC shall consider such evidence, but only where it relates to the period on or before the date of the ALJ"s hearing decision. 20 C.F.R. § 404.970(b). "Material" evidence is evidence that is "relevant and probative so that there is a reasonable possibility that it would change the administrative result." *Milano v. Bowen*, 809 F.2d 763 (11th Cir. 1987). When evidence is submitted for the first time to the AC, that new evidence becomes part of the administrative record. *Keeton v. Dep't of Health and Human Servs.*, 21 F.3d 1064, 1067 (11th Cir. 1994). The AC considers the entire evidence, including the new, material, and chronologically relevant evidence, and will review the ALJ's decision if the ALJ's "action, findings, or conclusion is contrary to the weight of the evidence currently of record." 20 C.F.R. §404.970(b). We review whether the new evidence renders the denial of benefits erroneous." *Ingram v. Comm. of Social Sec. Admin*, 496 F.3d 1253, 1262 (11th Cir. 2007). "When the Appeals Council refuses to consider new evidence submitted to it and denies review, that decision is also subject to judicial review because it amounts to an error or law." *Keeton*, 21 F.3d at 1066.

*Smith v. Social Security Admin.*, 272 Fed.Appx. 789, 800-01 (11th Cir. 2008) (*per curium*). *See also* 20 C.F.R. §416.1470(b) (Appeals Council shall evaluate the entire record including the new and

material evidence submitted to it if it relates to the period on or before the date of the administrative law judge hearing decision). Here, as in *Smith*, the AC considered Plaintiff's newly submitted evidence, but found the information did not provide a basis for changing the ALJ's decision (R. 1). The AC specifically stated that it considered the additional evidence [that] included a medical source statement from Dr. Ehrlich, dated May 29, 2013" (R. 1). This letter explains that Plaintiff's cerebral atrophy "causes him to have poor control of his anger so that he loses his temper, yells and breaks things. His memory and concentration are limited due to the cerebral atrophy." (R. 22) Dr. Ehrlich further explained:

> All of this is going to cause him to have difficulty maintaining a job. Also, the cerebral atrophy causes a lack of response to usual medical treatment for depression and anxiety. There is an interplay between the depression and paranoia causing a lack of trust, thinking other people dislike him and thinking other people are harming him and deceiving him. This can cause a hostile attitude and poor control of anger. He is quick to react angrily to perceived personal attacks.

R. 22. Considering this new evidence highlights the ALJ's error. While there is a discrepancy about whether Plaintiff has "cerebral" or "cortical" atrophy, it is undisputed that the medical evidence reveals he has brain atrophy. *See* R. 699; R. 868-869. The ALJ found Dr. Ehrlich's opinions that Plaintiff is disabled "not explained" and conclusory. However, my review of the medical evidence as a whole and Dr. Ehrlich's treatment notes show that although the Plaintiff may have sporadically sought mental health treatment, he has consistently been diagnosed with depression, and chronic pain. The treatment notes document Plaintiff's hallucinations, paranoia, argumentative behaviors including trouble with police, and his paranoid psychosis secondary to infection during his 2011 hospitalization (R. 868-872). Dr. Erlich's notes are consistent with the treatment notes from Sarasota County Health Department and the department's letter dated December 20, 2012, explaining its decision to dismiss

Plaintiff from its care (R. 833, 890, 908). While the ALJ dismissed the Plaintiff's reports of hallucinations as "unexplained" and concluded the Plaintiff's treatment history "does not support more than a mild limitation in social functioning," I find the ALJ's conclusions are not supported by substantial evidence and that remand is needed. *See* R. 866 (finding Plaintiff's mental functional abilities in ten areas limited by 50% or more). On remand, re-evaluation of the Plaintiff's RFC is needed, and specifically reconsideration of the Plaintiff's mental health diagnoses and resulting limitations. The ALJ should further consider the cerebral atrophy and the interplay between the Plaintiff's depression and paranoia noted by Dr. Ehrlich. *See* R. 22. And because assessment of the Plaintiff's credibility and subjective complaints is part of the RFC assessment, in light of the new evidence, the ALJ should also reconsider the Plaintiff's social limitations, as well as his subjective complaints and credibility.

As to the Commissioner's assertion that the new evidence from Dr. Ehrlich post-dates the ALJ's decision, I note that the Appeals Council is tasked with considering new and material evidence that is "chronologically relevant." *Ingram*, *supra*,496 F.3d at 1261; 20 C.F.R. §§404.970(b), 416.1470(b). In other words, the Appeals Council must consider evidence that relates to the period on or before the date of the ALJ's hearing decision even if it post-dates the decision. Here, Dr. Ehrlich's letter is dated May 29, 2013, and the ALJ's decision is dated April 23, 2013. The letter, however, describes Dr. Ehrlich's diagnoses and the Plaintiff's problems with poor control of his anger, temper, concentration, memory, paranoia, and hostility, all problems he experienced during the relevant time period.

As a result of this remand, it is not necessary to address the Plaintiff's remaining contentions of error.

For the foregoing reasons, it is hereby

RECOMMENDED:

1. That judgment be entered for the Plaintiff and the case remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings consistent with this report.

IT IS SO REPORTED at Tampa, Florida on December 10, 2015.

Mark A. Pizzo
MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal. 28 U.S.C. § 636(b)(1).

cc: Honorable Susan C. Bucklew